WHEELER v. COUNTY OF NEWBERRY.

1. Where a creditor of a county desires to enforce an audited claim, should he proceed by *mandamus* or by ordinary civil action?
2. The act of 1878 (16 *Stat.* 311), authorizing the appointment of a commission to ascertain the indebtedness of the several counties of the State, did not constitute such a commission a court, and therefore an adjudication by it upon a claim against their county, not submitted to it by the claimant, is no bar to a subsequent action in the Court of Common Pleas upon the claim.
3. An audited claim against a county does not bear interest until judgment recovered thereon.

Before KERSHAW, J., Newberry, November, 1880.

Action by David H. Wheeler, individually, and as survivor of Wheeler & Hiller, against the county of Newberry, commenced in September, 1879.   The opinion states the case.

*Messrs. Jones & Jones,* for plaintiff.

The position of counsel upon the plaintiff's ground of appeal was as follows :

If, however, none of the above propositions are sufficient to entitle the plaintiff to interest, then we say he is certainly entitled to interest from the time certificates of indebtedness were issued to other creditors for past due claims ; for the resolution approved March 22d, 1878, directs certificates to be issued not only to the creditors whose claims have been passed by the commission appointed under the act of the legislature, approved June 11th, 1877, *but also to those persons whose claims "may hereafter be adjudged valid by some court of competent jurisdiction."* The said resolution further says : "Said certificates to bear interest at the rate of seven per cent. per annum, from the date of issue, *which shall be the same date in each case."* The plaintiff's claim has been adjudged valid in this case by a court of competent jurisdiction, and he is, on that ground, entitled to interest, at least from the time others receive it on their past due claims.

*Mr. F. Werber, Jr.,* for defendant.

October 18th, 1882. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. The plaintiff had an open account ($643.80) against the county of Newberry for lumber, alleged to have been delivered in 1870. He presented the account to the county commissioners, who approved it, and ordered it paid October 22d, 1870. The treasurer made payments as follows : May 1st, 1874, $109.85, and on May 15th, 1876, $139.37. This action was brought for the balance due and interest. The defendant answered, insisting that as the county of Newberry was not a body corporate, it could not be sued, and that the demand sued on was *res adjudicata.* That it had been examined by a "commission" appointed by the governor, under the act of 1877, "to investigate and ascertain the actual *bona fide* indebtedness of the various counties in this State, and to regulate the manner of paying the same " (16 *Stat.* 311), and that said commission reported upon the claim and scaled it down to $132.03,

which was a conclusive adjudication of the true and *bona fide* amount due.

On the trial the plaintiff proved the sale and delivery of the lumber, that the board of county commissioners had audited the claim and ordered it paid, that "payment was deferred for want of funds," and that he never put his claim before the said "commission," which did, however, consider it *ex parte*, and reject all but the amount of $132.03. Judge Kershaw charged the jury that the county of Newberry was a body corporate, and might be sued; that "the commission," appointed by the governor, was not a court whose decisions were binding on parties who did not accept it as a board of arbitration; that the plaintiff, if they believed the proof, was entitled to recover the amount of his account, but not interest.

The plaintiff appealed because interest was not allowed him, and the defendant having failed in a motion for a new trial, appealed upon the following grounds:

1. Because his Honor erred in holding and charging the jury that the county of Newberry is a body corporate, so as to be sued in this action.

2. Because his Honor erred in holding that the "commission," created by the act of the general assembly, approved June 11th, 1877, was not a court of subordinate and special jurisdiction to pass upon the validity of claims sued on in this action, in order to investigate and ascertain the true and *bona fide* indebtedness of Newberry county.

3. Because his Honor erred in refusing to charge as requested, that the plaintiff's claim, having been considered by the said "commission" and sustained in part and in part rejected, was *res adjudicata*.

4. Because his Honor erred in holding that the approval of the board of county commissioners of the claim sued on could be proved by the endorsement of "Mathew Gray, chairman," in one instance, and by the signatures of Henry Kennedy and Simpson Young, members of the board of county commissioners, in the other; when, it is submitted, to prove such approval the records of the board of county commissioners should have been

produced, or at least the written approval of the said board
signed by all the members.

5. That his Honor erred in refusing a new trial on the
minutes.

We have lately had occasion, in the case of *The County of
Richland* v. *Miller,* 16 *S. C.* 244, to consider the force and effect
of the audit of a board of county commissioners with reference
to the question as to what is and what is not within the scope of
their authority, but the court has never been required to consider
how a creditor, having a claim already audited, should proceed
to enforce it against the county—whether, considering the audit
as a judgment of the tribunal established for the purpose of
deciding county claims, he should seek to enforce it by *man-
damus,* requiring the county commissioners to have the money
raised to pay it, or sue upon it in the Court of Common Pleas
to get thereby an enforceable judgment against the county.
There is some want of uniformity in the practice of the different
States upon the subject, and until the point is made and argued
before us we will make no ruling upon it. For the purposes of
this case it is enough to say that it has been the practice in this
State, to sue the county, which by the express terms of the act
is "a body politic and corporate," and as such, authorized "to
sue and be sued." *Ex parte Williams,* 7 *S. C.* 72; *Greenville
County* v. *Runion,* 9 *S. C.* 4; *Ostendorff* v. *County Commis-
sioners of Charleston,* 14 *S. C.* 403; *Holmes & Calder* v. *County
of Charleston, Id.* 146; *Edmonston* v. *County of Aiken, Id.* 622.

We do not think that the Circuit judge was in error when he
charged the jury that "the commission" appointed by the gov-
ernor was not a court with judicial power to determine authorita-
tively county claims. It was not intended to do more than to
obtain information which would lead to the exposure of fraud
and possibly to further action by the county commissioners or
the legislature. After the report called for by the act was made
for Charleston county, another act (1878) was passed, "to pro-
vide for funding the debt of Charleston county and for the pay-
ment of the expenses incurred in ascertaining the same." 16
*Stat.* 692. The scheme for settling the county claims provided
by this act, with the right of appeal to the Court of Common

Pleas, was accepted by the creditors who presented their claims, and the indebtedness of Charleston county was thus settled. *Holmes & Calder* v. *County of Charleston, supra.*

No such act was ever passed for the settlement of the indebtedness of Newberry county. The joint resolution of the legislature (1878) to authorize the county commissioners of certain counties "to fund the past indebtedness of certain counties and provide a mode of liquidating the same" (16 *Stat.* 681), did include the county of Newberry, but that resolution only authorized the county commissioners "to issue certificates of indebtedness to all holders of claims for the amounts reported to be due by the commission appointed to investigate and ascertain the *bona fide* indebtedness of the county, and as may hereafter be adjudged valid by some court of competent jurisdiction." This itself is conclusive that the commission was not claimed to be a court of competent jurisdiction, and their reports binding on the parties as judgments. The county commissioners could not issue their certificates upon the authority of the commission alone, but had to wait until judgment was rendered by a competent court, which might adjudge as valid the whole or a part of their ascertainment, or for a larger amount   *Ex parte Childs,* 12 *S. C.* 118.

It is not necessary to consider whether the endorsement of the county commissioners, on the back of the account—"approved and ordered to be paid"—was of itself sufficient proof of the audit, or whether parol evidence of the fact was admissible. The *pro rata* payments made by the county treasurer afforded evidence of the audit. Besides, as we understand, the plaintiff did not rest upon the audit, but seems to have proved the account itself, relying upon the audit simply as an admission of those in authority.

The terms of the resolution also settle the question of interest. The county commissioners could not issue the certificate until the claim was adjudged to be valid by the court, and the terms of the resolution are, "said certificates to bear interest at the rate of seven per cent. per annum from the date of issue, which shall be the same date in each case." The certificate does not issue upon the authority either of the audit of the county commission-

ers or the report of the commission, but by virtue of the judgment in the Court of Common Pleas. A judgment only bears interest from its recovery, and the certificate which issues in satisfaction of that judgment is made to conform to it. In the case of *Holmes & Calder,* in reference to claims against the county of Charleston before referred to, it was held, in express terms, that " an open account audited by a board of county commissioners does not draw interest from the date of audit."

It is the judgment of this court that the judgment of the Circuit Court be affirmed and the appeal dismissed.